**David DEDI, a.k.a. Antonio Di Meglio, Albine Dedi, Klodjana Dedi, Xhulio Dedi, Petitioners,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Nos. 05–6860–ag(L), 07–3836–ag(con).**

United States Court of Appeals, Second Circuit.

June 13, 2008.

Sokol Braha, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Sunah Lee, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners David Dedi and Albine Dedi, husband and wife, and their children Klodjana Dedi and Xhulio Dedi, are all natives and citizens of Albania. David Dedi seeks review of a December 1, 2005 order of the BIA denying his motion to reopen asylum-only proceedings based upon alleged new evidence and changed country conditions. *In re David Dedi a.k.a. Antonio Di Meglio,* No. A78 519 705 (B.I.A. Dec. 1, 2005). Albine, Klodjana, and Xhulio Dedi seek review of an August 16, 2007 order of the BIA affirming the October 3, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Albine Dedi, Klodjana Dedi, Xhulio Dedi,* Nos. A98 358 211/212/213 (B.I.A. Aug. 16, 2007), *aff'g* Nos. A98 358 211/212/213 (Immig. Ct. N.Y. City Oct. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

### A. Docket No. 05–6860–ag(L)

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Mr. Dedi's motion to reopen. The BIA may deny a motion to reopen where the movant fails to establish a *prima facie* case for the underlying relief sought. *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). We have held that, in order to make out a *prima facie* case for the underlying relief in the context of a motion to reopen, a movant must show a "realistic chance" that he will be able to establish eligibility for such relief. *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005).

Here, the BIA found that Mr. Dedi had not established his *prima facie* eligibility for the relief he sought because he had not overcome the credibility concerns that led

to the initial denial of his application for that relief. That finding was not in error. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding). Indeed, in moving to reopen his case, Mr. Dedi relied on his wife's asylum application, which made some new allegations, but left many of the IJ's credibility concerns unaddressed. Similarly, while the IJ indicated that Mr. Dedi could have rehabilitated his inconsistent testimony with evidence corroborating the physical abuse he allegedly suffered in Albania, he failed to provide any such documentation with his motion to reopen.

Because the agency properly concluded that Mr. Dedi's new evidence did not establish his *prima facie* eligibility for relief its denial of his motion to reopen was not an abuse of discretion. *Ke Zhen Zhao,* 265 F.3d at 93. Accordingly, we need not review the agency's finding that the evidence he presented did not demonstrate changed circumstances in the country of nationality.

## B.  Docket No. 07–3836–ag (Con)

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, the agency properly determined that there has been a "fundamental change in circumstances," such that, even if Mrs. Dedi had suffered past persecution, the resulting presumption of a well-founded fear of persecution was rebutted. *See Hoxhallari v. Gonzales,* 468 F.3d 179 (2d Cir.2006). Contrary to Mrs. Dedi's arguments, inasmuch as the fundamental change in circumstances finding in the instant case concerns the rise of the Democratic Party in Albania, it is identical to *Hoxhallari* in all relevant respects.[1] 468 F.3d at 182–83. Therefore, we will not disturb the agency's finding that circumstances in Albania have fundamentally changed, and conclude that its denial of Mrs. Dedi's application for asylum was proper. *Id.; see also* 8 C.F.R. § 1208.13(b)(1)(i)(A).

Because Mrs. Dedi's asylum claim fails based on the agency's finding that there has been a fundamental change in circumstances in Albania, her withholding of removal and CAT claims necessarily fail where they were based upon the same factual predicate. *See Paul v. Gonzales,*

---

1.  Mrs. Dedi argues that the BIA misconstrued her claim as an allegation of persecution based solely on account of her DP membership, where she also alleged harm due to family origin and participation in the work of the church. However, all of Albine's allegations are related inasmuch as the persecutors she mentions are former Communists now members of the Socialist Party ("SP"), and they are foreclosed by the SP's fall from power. Mrs. Dedi also argues that the BIA did not consider record evidence, such as the 2004 Country Report, in making that finding. However, information in that Report predates the DP's 2005 rise to power.

444 F.3d 148, 156 (2d Cir.2006); 8 C.F.R. § 1208.16(c)(3)(ii)–(iv) (for CAT relief, country conditions must be considered to determine the likelihood of torture upon removal).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).